IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN D. HAYWOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-CV-1239-SMY |
| | ) |
| BOY SCOUTS OF AMERICA and | ) |
| TROOP LEADER HIRAM ROBERTS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("it is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case"). Here, Plaintiff John D. Haywood, who is currently incarcerated at Lawrence Correctional Center, asserts claims against the Boy Scouts of America ("BSA") and a troop leader, Hiram Roberts, alleging that he was sexually assaulted in the 1970s while spending the night at Roberts' house during a BSA meeting.

Plaintiff, who filed this action *pro se*, utilized the Court's approved form for Civil Rights Complaints. As the basis for jurisdiction, Plaintiff checked the box indicating that jurisdiction is premised on the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671,-2680, "or other law." However, Plaintiff's claims do not arise under the Constitution or federal law. *See* 28 U.S.C § 1331. Plaintiff makes no claim against the United States or an employee of the federal government. *See* 28 U.S.C. § 1346. There is no statement in the Complaint that the parties are of diverse citizenship. *See* 28 U.S.C. § 1332. And, there is no other basis of jurisdiction that can be gleaned from the Complaint.

Plaintiff, as the proponent of federal subject matter jurisdiction in this case, bears the burden of proof as to the existence of such jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006). At most, the Complaint hints that the events underlying the allegations in the Complaint took place in Michigan and that Plaintiff is incarcerated in Illinois. Neither fact establishes federal jurisdiction. *See Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002) (finding that a prisoner's domicile is the state where he was a citizen prior to incarceration or the state where he intends to reside upon release).

Accordingly, this case is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**DATED:  December 14, 2020**

**STACI M. YANDLE**
**United States District Judge**